Emerson *v.* McNamara.

# COUNTY OF HANCOCK.

41 565
89 153

GEORGE H. EMERSON, *Pet. for review, versus* JAMES MCNAMARA.

A Judge at *Nisi Prius*, having denied a petition for review, *solely* on the ground that the facts presented would not, as matter of *law*, entitle the petitioner to retain a verdict, should one be found in his favor by the jury, it is proper for this Court to determine the question raised by the exceptions taken to such ruling.

Ordinarily, however, in questions of this kind, addressed as they are to the discretion of the Court, exceptions will not lie.

A vendor who has, by the fraud of the other party, been induced to part with his property, may, within a reasonable time after the discovery of the fraud, rescind the contract and reclaim his property.

Such contract is not void, but voidable only; and the vendor, in order to avoid the contract and to reclaim his property, or to recover its value, must first return or tender what he received in payment therefor, unless payment was made by the note of the vendee.

But no action for this purpose can be maintained, unless the return or tender is made prior to the commencement of the suit.

The possession of property obtained by a sale that has been rescinded for fraud, is tortious.

It seems a party cannot waive the tort and bring his action of assumpsit against the tort-feasor, except where the property has been converted into money or its equivalent.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

This was a PETITION FOR REVIEW, which having been denied by the presiding Judge, the case came up on exception.

The points involved are stated by the Court.

*C. J. Abbott*, for petitioner.

*B. W. Hinkley*, for respondent.

MAY, J. — In this case, which is a petition for review, upon the ground of newly discovered evidence, the Judge presiding at *Nisi Prius*, " being of opinion that the testimony presented by the petitioner, would not authorize a verdict in his favor, upon legal principles applicable to such cases, denied the

review." The case now comes before us upon exceptions, taken by the petitioner to this ruling. Ordinarily, in questions of this kind, addressed as they are to the discretion of the Court, exceptions will not lie; but in this case, as the Judge, at the hearing, seems to have denied the review, *solely* upon the ground that the facts presented would not, *as matter of law*, entitle the petitioner to retain a verdict, if the jury should find one in his favor, we deem it proper to determine the question which is raised by the exceptions.

The ground, upon which the action is claimed to be maintainable, is that the plaintiff, on November 25th, 1852, was induced by the fraudulent representations of the defendant, to deliver to him the ox sued for in his writ, with $17 in money, in payment or exchange for a negotiable note against one John Dorr, dated June 2, 1851, for the sum of $51,21, and payable on demand and interest, which note the defendant then held, the same having been indorsed to him in blank by Alexander Fulton, the payee. The alleged fraud consisted in representations made by the defendant, at the time of the trade, that said Fulton, who appears to have been a man of property, was liable as indorser on said note, when the defendant well knew that said Fulton was not liable. The testimony given at the trial of the action, and the newly discovered evidence presented at the hearing upon this petition, were regarded as having a tendency to establish such fraud, and, for the purposes of our decision, the facts and fraud alleged are to be taken as proved. The plaintiff's writ bears date, March 22, 1853. There was no evidence that the plaintiff had returned, or offered to surrender said note to the defendant, before the commencement of the suit; but it appears that, at the trial and before the verdict, the plaintiff did offer to surrender said note to the defendant.

The question submitted to our consideration is, whether the plaintiff, upon these facts, can maintain his suit. That a party to such a contract, who has parted with his property under it, when it was induced by the fraud of the other party, may, at his option, within a reasonable time after the discov-

ery of the fraud, rescind and reclaim his property from the possession of the vendee, is too well settled to require the citation of authorities. But such a contract is not void, but voidable only; and if the defrauded party desires to avoid it and reclaim his property, or to recover its value, he must first return or tender back what he has received in payment or exchange for it, unless it be in a case where the payment was in the vendee's own notes; and without doing so before the inception of any suit, the action cannot be maintained. In this case, the note being against a third person, and apparently of some value, it should have been returned or tendered to the defendant before suit brought, and this not having been done, the plaintiff must fail in his suit. This case cannot be distinguished in principle from that of *Cushing* v. *Wyman*, 38 Maine, 589, and other cases there cited.

The case of *Ayers & al.* v. *Hewett*, 19 Maine, 281, referred to in the argument, differs from this in the particular above mentioned. There the payment for the property which the plaintiff had parted with under a contract influenced by the fraud of the purchaser, was wholly paid for in the vendee's own notes; and the Court remark, upon the authority of *Thurston* v. *Blanchard*, 22 Pick. 18, that it may be, that the plaintiffs on another trial, by tendering the notes, may become entitled to a verdict in their favor; but they held in the same case, that a tender of the defendant's own notes after verdict and before judgment was too late. These cases, however, are only exceptions to the general rule; and both of them are strong authorities to sustain it. That rule is too clearly established in the books to admit of doubt.

If the rule were otherwise, whether this action, being assumpsit upon an account annexed to the writ for the ox, could have been maintained, except upon a new count for money had and received, and upon proof that the defendant had sold or converted the ox into money or money's worth, would deserve consideration. That the possession of property acquired by means of a sale, which has been rescinded on the ground of fraud in the vendee, is tortious, seems to be settled

in the two cases above cited, of *Ayers & al.* v. *Hewett,* and *Thurston* v. *Blanchard;* and that a plaintiff cannot waive a tort and bring assumpsit against a tort-feasor, except in cases where the property has been converted into money or money's worth, appears to have been established in *Jones* v. *Hoar,* 5 Pick. 285; see 2 Greenl. Ev. § 117; but upon this question we give no opinion. *Exceptions overruled.*

TENNEY, C. J., and HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.